786 So.2d 84 (2001)
Benton JOHNSON
v.
FIRST NATIONAL BANK OF SHREVEPORT, et al.
Nos. 2000-CC-2487, 2000-CC-2496, 2000-CC-2498.
Supreme Court of Louisiana.
May 15, 2001.
*85 S. Maurice Hicks, Jr., Lydia M. Rhodes, Hicks, Hubley & Marcotte, Counsel for Applicant in No. 2000-CC-2498.
Ronald E. Raney, Penny N. Nowell, Lunn, Irion, Salley, Carlisle & Gardner; Deborah S. Baukman, Kenneth N. Simmons, Mayer, Smith & Roberts; Stephen O. Scandurro, Scandurro & Layrisson; Mary O. Pierson, Cooper & Pierson; David B. Means, III, Plummer & Means; Bernard S. Johnson, Cook, Yancey, King & Galloway, Counsel for Respondent in No. 2000-CC-2498.
Ronald E. Raney, Penny N. Nowell, Lunn, Irion, Salley, Carlisle & Gardner, Counsel for Applicant in No. 2000-CC-2496.
Kenneth N. Simmons, Deborah S. Baukman, Mayer, Smith & Roberts; S. Maurice Hicks, Jr., Lydia M. Rhodes, Hicks, Hubley & Marcotte; Stephen O. Scandurro, Scandurro & Layrisson; Mary O. Pierson, Cooper & Pierson; David B. Means, III, Plummer & Means; Bernard S. Johnson, Cook, Yancey, King & Galloway, Counsel for Respondent in No. 2000-CC-2496.
Deborah S. Baukman, Mayer, Smith & Roberts, Counsel for Applicant in No. 2000-CC-2487.
Kenneth N. Simmons, Ronald E. Raney, Penny N. Nowell, Lunn, Irion, Salley, Carlisle & Gardner; S. Maurice Hicks, Jr., Lydia M. Rhodes, Hicks, Hubley & Marcotte; Stephen O. Scandurro, Scandurro & Layrisson; Mary O. Pierson, Cooper & Pierson; David B. Means, III, Plummer & Means; Bernard S. Johnson, Cook, Yancey, King & Galloway, Counsel for Respondent in No. 2000-CC-2487.
CALOGERO, Chief Justice[*]
The limited dispute before us relates to an appeal cost estimate in one of two cases, filed in separate parishes by different plaintiffs with identical defendants. The two cases were consolidated for pretrial and trial purposes only, alleging various causes of action including fraud, wrongful inducement, breach of fiduciary duty, and violations of Louisiana's Blue Sky Laws. After judgments were entered in favor of the plaintiffs in both cases, the defendants have appealed the respective judgments to the Second Circuit Court of Appeal and the Third Circuit Court of Appeal. The issue before us concerns the Sabine Parish Clerk of Court's estimated costs for preparing the record in this case for appeal to the Third Circuit.
Following a motion and order of appeal, the Sabine Parish Clerk of Court notified the defendants that the estimated costs of appeal in this case would be $41,033.50. The defendants thereafter sought to traverse *86 the estimated amount, and the district court, pursuant to article 2126(C) of the Louisiana Code of Civil Procedure, reduced the estimated total costs to $12,091.50. The Clerk of Court sought a writ to the Third Circuit Court of Appeal. It was granted in part and made peremptory. Specifically, the court of appeal modified the district court's ruling on estimated costs upward, to $33,660.50. We granted and consolidated the writ applications of the defendants to resolve the dispute in this matter, provide guidance on the use of article 2126(C) of the Code of Civil Procedure, and apply that article to a peculiar case such as this one.

Facts and Procedural History
Sabine Parish and DeSoto Parish together make up the Eleventh Judicial District. La.Rev.Stat. § 13:477(11). However, the respective parishes lie within separate court of appeal circuits. De-Soto Parish is within the Second Circuit Court of Appeal whereas Sabine Parish is within the Third Circuit Court of Appeal. La.Rev.Stat. §§ 13:312(2)(a), 312(3)(a). The respective parishes that comprise the Eleventh Judicial District have their own individual Clerks of Court.[1] The instant suit was filed with the Clerk of Court in Sabine Parish and bears the caption "Benton Johnson v. First National Bank of Shreveport, et al." A separate suit was filed with the Clerk of Court in De-Soto Parish entitled "Dwight N. Young and Gloria Harkins Young v. First National Bank of Shreveport, et al." Both cases were assigned to Division "B" of this three judge judicial district, each of the three divisions having jurisdiction over cases arising anywhere within the two parishes. On November 19, 1998, the district court judge in Division "B" of the Eleventh Judicial District, noting that each of the cases "involve the same defendants, the same or similar causes of action, the same issues of law, [and] the same fact and expert witnesses as to liability," signed an "Order of Consolidation" which provided:
IT IS HEREBY ORDERED, that these two (2) cases be consolidated for trial and pre-trial purposes, and be heard in DeSoto Parish. The appellate rights and remedies afforded the parties are to remain unconsolidated. Accordingly, any writ of review or appeal from any ruling or judgment in the original Sabine Parish case will be taken to the Third Circuit Court of Appeal and any writ of review or appeal from any ruling or judgment in the original DeSoto Parish case will be taken to the Second Circuit Court of Appeal.
In accordance with this order, all pleadings, documents, and exhibits in both lawsuits were filed with the DeSoto Parish Clerk of Court after the consolidation on November 19, 1998. A single jury trial was held on the consolidated Johnson and Young cases in DeSoto Parish before Judge Charles B. Adams. The jury returned a verdict in favor of the respective plaintiffs against a total of seven defendants, in various sums. The defendants filed motions and orders for suspensive appeal, and appeal bonds were posted. Consistent with the "Order of Consolidation" signed by the district court, the Johnson matter was appealed to the Third Circuit Court of Appeal and the Young matter was appealed to the Second Circuit Court of Appeal.
On April 11, 2000, O.L. "Sonny" Stone, Jr., Clerk of Court for DeSoto Parish, *87 notified the defendants that the estimated costs of appeal of the DeSoto Parish Young lawsuit, to the Second Circuit, would be $14,251.00. In contrast, on April 19, 2000, Dollie M. Knippers, Clerk of Court for Sabine Parish, notified the defendants that the estimated costs of appeal of the instant Sabine Parish Benton lawsuit, to the Third Circuit, would be $41,033.50. The breakdown of the Sabine Parish estimate is shown in the first column of the following chart. For ease of review, the second and third columns of the chart indicate the estimated costs following the rulings of the district court and the court of appeal, respectively:

 Sabine Parish District Court of
 Clerk of Court Court Appeal
Motion and Order for Appeal w/ copies $ 109.50 109.50 109.50
Notices of Appeal 26.00 26.00 26.00
Estimated Court Reporter Fees 4,500.00 0.00 0.00
Appeal Clerk Filing Fee 100.00 100.00 100.00
Clerk's Costs Prepare Appeal
(5,767 pgs. × 2 vol. × $2.50 per page) 28,835.00 11,514.00 28,835
(1,700 pgs. × $2.50)(copy of transcript) 4,250.00 0.00 4,250.00
Filing Transcript
(1,700 pgs. × $1.69) 2,873.00 2.00 0.00
Binders (60 × $5.00 each) 300.00 300.00 300.00
Postage 40.00 40.00 40.00
 _____________________________________________
Total Appeal Costs $41,033.50 $12,091.50 $33,660.50

Shortly after the notice of estimated costs by the Sabine Parish Clerk of Court, the defendants in the instant case each filed a "Motion to Traverse the Clerk's Estimated Cost of Appeal" in the district court.[2] Following a hearing which included testimony from Priscilla Wolf, Deputy Clerk of Court for Sabine Parish, the district court reduced the estimate from the Sabine Parish Clerk's Office from $41,033.50 to $12,091.50. Specifically, the court eliminated the charge of $4,500.00 for "Estimated Court Reporter Fees" finding that the fee for the court reporter's transcription of the single trial was already imposed and collected by the DeSoto Parish Clerk of Court.[3] The court also reduced the cost for copying each page of the record from the $2.50 per page charged by the Clerk of Court in Sabine Parish to $1.00 per page for a total of $11,514.00. The court eliminated the charge for copying the transcript of the trial ($4,250.00) reasoning that the court reporter included an original and two copies of the transcript in the flat fee of $4,500.00 for "Estimated Court Reporter *88 Fees" already collected by the DeSoto Parish Clerk of Court. Finally, the court reduced the amount charged for "Filing Transcript" from the $2,873.00 charged by the Sabine Parish Clerk of Court to the meager sum of $2.00. The breakdown of the estimated costs as ruled by the district court is found in column two of the chart supra. The Clerk of Court of Sabine Parish applied for a supervisory writ from the Third Circuit Court of Appeal, complaining of the reduction of her estimated costs from $41,033.50 to $12,091.50.
The Third Circuit Court of Appeal granted the writ in part, made it peremptory, and reversed a portion of the district court's reduction of the estimated costs. Benton v. First National Bank of Shreveport, 00-00713 (La.App. 3 Cir. 5/23/00). Specifically, the court reinstated the charge of $2.50 per page for the copying of the record (which raised the $11,514.00 charge back up to $28,835.00). The court further reinstated the charge of $4,250.00 for the copying of the trial transcript, but vacated the $2,873.00 charge for the filing of the transcript into the record. The breakdown of the estimated costs of appeal following the ruling of the court of appeal is shown in column three of the chart supra. We granted the three separate writ applications of five of the defendants, consolidated the writs, and docketed the cases for oral argument. Benton v. First National Bank of Shreveport, 00-2487, 00-2496, 00-2498 (La.12/15/00), 776 So.2d 1178.[4]

Discussion
At the outset, we note that this is a difficult case with a peculiar and discrete set of factual circumstances. This matter involves two separate cases, involving separate plaintiffs against eight identical defendants, filed in separate parishes, the two parishes being part of a single judicial district. These two cases, following consolidation, involved only a single trial, a single jury, and a single set of individual filings all in only one of the two parishes. However, through no fault of the parties, the single in globo judgment entered in this case was separated and appealed to two separate circuit courts of appeal. These appeals to separate circuits necessitate a duplication of transcripts and appellate records, a process which is unnecessary in virtually every other pair of consolidated cases handled throughout the state. In short, the procedural nuances of this case present a unique dispute before us that is rarely, if ever, replicated. Nevertheless, to resolve this dispute, we begin our analysis with the Louisiana Code of Civil Procedure.
The Code of Civil Procedure outlines the specific procedure for payment of the costs of preparation of the appellate record for taking an appeal. Under the Code,
The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
La.Code Civ. Pro. art. 2126(A). Unless the appellant secures an extension from the district court, he must pay the amount of the estimate within twenty days of the mailing of the notice. La.Code Civ. Pro. *89 art. 2126(B). Importantly, this estimate is not a final determination of costs. After preparation of the record is complete, the Clerk of Court shall either refund or collect, as may be appropriate, the difference between the estimated costs paid and the actual costs of preparing the record. La. Code Civ. Pro. art. 2126(D). Additionally, the estimate of costs by the Clerk of Court is subject to review under article 2126(C) of the Code of Civil Procedure.
The Code grants the appellant the right to "question the excessiveness of the estimated costs by filing a written application for reduction in the trial court." La. Code Civ. Pro. art. 2126(C). Further, the Code specifically grants the trial court the discretion to "order reduction of the estimate upon proper showing." Here, each of the Relators filed timely Motions to Traverse the Clerk's Estimated Costs of Appeal and the district court, after a full hearing, exercised its discretion and ordered a reduction of the estimated costs. The issue before us is whether the district court erred in reducing the $41,033.50 estimate.
The peculiarity of this case is probably best highlighted by the fact that two Clerks of Court in separate parishes are mandated by the Code of Civil Procedure, article 2127, to prepare virtually identical records for use in separate appeals to different circuit courts of appeal. The DeSoto Parish Clerk of Court, where almost all of the filings were made post-consolidation, estimated that the cost of preparing the record and transcript for appeal would be $14,251.00. In contrast, the Sabine Parish Clerk of Court estimated that the cost of preparing a virtually identical record would be $41,033.50. The Relators and the Sabine Parish Clerk of Court have presented arguments regarding whether La.Rev.Stat. § 13:841, which provides "fees" the Clerks of Court in the State's district courts may demand and receive,[5] applies to Code of Civil Procedure article 2126, which permits the Clerks of Court to collect only the "cost" of preparing an appellate record;[6] whether "costs" in the *90 Code of Civil Procedure and "fees" in the Revised Statutes are meant by the Legislature to be interchangable concepts; and whether extraordinarily high charges to prepare a record unreasonably hinders the right to appeal. The Sabine Parish Clerk of Court takes the position that the law clearly permits her to make every charge in her $41,033.50 estimate whereas the Relators argue that the Code of Civil Procedure only permits her to charge the "actual cost" of preparing the record. We see no need to answer the focused questions posed by the parties; this dispute is resolved by the language of article 2126(C) alone.
Following a notice of estimated costs by the Clerk of Court, and only after an application by the appellant, the Code of Civil Procedure grants the district court the specific authority to exercise its discretion and reduce the estimated costs of appeal when they are "excessive." La. Code Civ. Pro. art. 2126(C). While such discretion should be exercised with reservation, principles of separation of powers and the right of access to the courts interplay with such a determination. The Clerk of Court is an elected official within the Judicial Branch with power over the procedures which permit our courts to run efficiently, subject to the authority of the courts they serve. La. Const. Art. V, § 28. Consequently, while certainly subject to regulation by the Legislature, the Clerk of Court's independent and integral role in the operation of the judiciary cannot be ignored. Additionally, the Constitution preserves every individual's right to open access to the courts. La. Const. Art. I, § 22. Although certain court costs can, and must, be imposed on litigants to bear some of the costs in a lawsuit, the Legislature, cognizant of the right of access to the courts, has provided certain safeguards to ensure that the right of access to the courts is not abridged by excessive court costs, or fees. See, e.g., La.Code Civ. Pro. arts. 5181-5188 (establishing a procedure for waiving court costs for indigent parties); see also, e.g., La.Rev.Stat. § 33:3002 (permitting certain cities and parishes to create Legal Aid Societies). One such safeguard is the Code of Civil Procedure article at issue in this case: article 2126(C). That article permits a district court judge to review the record, conduct a hearing, and determine whether the estimated costs of appeal by a Clerk of Court are excessive. Upon such a finding, the court is permitted to reduce the estimated costs. Here, we are unable to say in this situation that the district court erred in reducing the estimated costs of appeal from $41,033.50 to $12,091.50.
In this matter, the Johnson and Young cases were both pending in Division "B" of the same judicial district, but in separate parishes until they were consolidated. In 1998, Judge Charles B. Adams consolidated the cases for pre-trial and trial purposes, moved the parties to trial, presided over an eight day jury trial with over 1,700 pages of transcript, entered a single in globo judgment following a jury verdict in favor of three plaintiffs totally approximately $800,000 per plaintiff,[7] added eleven *91 years of judicial interest, and dismissed one defendant after finding a lack of evidence of an exhaustion of the underlying policies of insurance. Finally, that single judge signed motions and orders of appeal in the respective cases. After Relators paid to the DeSoto Parish Clerk of Court over $14,000 in estimated costs for appeal, and following a notice of estimated costs of appeal totaling over $41,000 from the Sabine Parish Clerk of Court, that same judge reviewed the record, conducted a hearing on the excessiveness of the cost estimate, and concluded that a more appropriate, adequate, and non-excessive estimated cost would be $12,091.50.[8] In this situation, with its discrete and unusual procedural facts, we find no basis to disturb the district court's reasoned exercise of discretion in finding that the $41,033.50 estimated costs by the Sabine Parish Clerk of Court was excessive under Code of Civil Procedure article 2126(C) and that $12,091.50 would be an appropriate estimate. We will therefore reinstate his ruling.

DECREE
For the foregoing reasons, the decision of the court of appeal is vacated and the ruling of the district court is reinstated. The case is remanded to the district court for further proceedings.
COURT OF APPEAL RULING VACATED; DISTRICT COURT RULING REINSTATED; REMANDED.
KNOLL, J., concurs and assigns reasons.
KNOLL, JUSTICE, concurring.
I concur with the majority that under the circumstances of this case, these unique set of facts justify a reduction in the appeal costs. I write separately to state that in my view, these facts support a "proper showing" for the reduction as provided by La.Code Civ. Proc. art. 2126; therefore, the trial court did not abuse its discretion in reducing the appeal costs. These unique facts supporting the reduction do not infringe upon the clerk of court's statutory authority in charging appeal costs in other appeals and is only applicable to this case.
NOTES
[*] Philip C. Ciaccio, Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon.
[1] Each parish within this State elects its own Clerk of Court to serve a four year term. See La. Const. Art. V, § 28(A).
[2] The estimated costs of appeal of $14,251.00 from the DeSoto Parish Clerk of Court in the Young case have been paid and the appeal is pending in the Second Circuit Court of Appeal.
[3] The Sabine Parish Clerk of Court stipulated in the district court that she would no longer be entitled to collect this fee.
[4] The Relator in 00-2487 is St. Paul Insurance Company. The Relators in 00-2496 are Commercial Insurance Company of Newark, New Jersey; Fidelity & Casualty Company of New York; and Phoenix Assurance Company of New York. The Relator in 00-2498 is Fidelity Guaranty Underwriters, Inc.
[5] La.Rev.Stat. § 13:841 provides, in part, emphasis added:

§ 841 Enumeration of fees in civil matters
A. The clerks of the several district courts shall be entitled to demand and receive the following fees of office and no more in civil matters:
[Seventy-seven enumerated fees are contained within a schedule at this point.]
. . . .
D. In addition to the fees provided in Subsection A of this Section, the clerks of the several district courts may demand and receive additional fees in an amount not to exceed ten percent of the fees specified in Subsection A of this Section.
[6] La.Code Civ. Pro. art. 2126 provides, in part, emphasis added:

A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension.
C. The appellant may question the excessiveness of the estimated costs by filing a written application for reduction in the trial court within the first twenty-day time limit, and the trial court may order reduction of the estimate upon proper showing. If an application for reduction has been timely filed, the appellant shall have twenty days to pay the costs beginning from the date of the action by the trial court on application for reduction.
D. After the preparation of the record on appeal has been completed, the clerk of the trial court shall, as the situation may require, either refund to the appellant the difference between the estimated costs and the actual costs if the estimated costs exceed the actual costs, or send a notice by certified mail to the appellant of the amount of additional costs due, if the actual costs exceed the estimated costs. If the payment of additional costs is required, the appellant shall pay the amount of additional costs within twenty days of the mailing of the notice.
. . . .
[7] The judgments of the district court are reflected in twelve separate paragraphs. Four of the paragraphs find in favor of Dwight N. Young for a total of $919,340.00. Similarly, four of the paragraphs find in favor of the heirs of Gloria Harkins Young for $844,510.00. Finally, four of the paragraphs find in favor of Benton Johnson for $686,000.00.
[8] In light of the fact that the appellants had already paid $14,251.00 in estimated costs of appeal in DeSoto Parish, even an additional charge in Sabine Parish of $12,091.50 is arguably extreme. At the very least, however, a charge of $41,033.50 on top of the DeSoto estimated costs of $14,251.00, requiring a total of over $55,000.00 in costs for preparation of the two virtually identical records for appeal, certainly qualifies as excessive. We cannot say that the district court erred in its determination.